Appeal, by permission of the Appellate Division of the Supreme Court in the first judicial department, from a determination of the Appellate Term of the Supreme Court in the same judicial department, entered January 19,1950, which affirmed a judgment of the City Court of the City of New York, New York County, in favor of plaintiffs.

Per Curiam.

We think that the trial court correctly submitted to the jury as the principal issue of fact in this case the question whether or not the plaintiffs had advised the defendant before execution of the contracts that they wished to erect a “ year-round ” as distinguished from a “ summer ” home. The word “ building” as used in clause “ Seventeenth ” of each agreement is ambiguous in view of the claims of the parties.
Under the circumstances, however, we hold that it was error to have prevented examination of the witness Polebaum as to his knowledge of the Cohen letter dated April 15, 1947. This letter was clearly inconsistent with the claims of the plaintiffs on the trial as to their reason for discontinuing payments on the lots. The case was extremely close on the facts. For this reason we consider that the error was sufficiently serious to require a reversal of the judgment and a new trial.
We also think that the provisions of clause “ Seventeenth” of the contracts of purchase relating to the erection of a building are separable, so that the indefinitness as to terms and price of such building does not vitiate the agreements for the purchase of the land. In our opinion, however, each contract implies a covenant that section 4 of the development would be ready for the erection of a building not later than May 30, 1947, unless prevented by governmental regulations or the nonavailability of materials. On the new trial it will be for the jury to decide whether nonperformance by the defendant in this regard was excused.
We have no occasion for passing on the question raised as to the proper measure of damages in view of the fact that no exception was taken to the charge in this respect.
The determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial ordered, with costs to the appellant to abide the event.